UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN CLEVELAND, ET AL | CIVIL ACTION |
| Versus | NO. 10-2729 |
| UBS FINANCIAL SERVICES, INC., ET AL | SECTION "F" |

ORDER & REASONS

Before the Court is the defendant's motion to compel arbitration of this case. For the reasons that follow, the motion is GRANTED.

I. Background

John Cleveland and Thomas Goodwyne, the plaintiffs, are Chevron retirees. They live in the New Orleans area. Claiming mismanagement of their retirement accounts through 2002, they sued UBS Financial Services, a Delaware corporation, and the individual financial advisors employed by UBS who managed their accounts. Suit was filed in the Civil District Court for Orleans Parish. The plaintiffs allege that the defendants breached their contractual obligations and fiduciary duties to the plaintiffs. Even though at least one of the individual defendants was a Louisiana resident, the defendants removed to this Court on the basis of diversity jurisdiction. Finding that the individual financial advisors were fraudulently joined, the Court dismissed them from the case.

The only remaining defendant, UBS, later moved to dismiss

1

the plaintiffs' amended complaint for their failure to state a claim. The Court granted that motion in part, and denied it in part, finding that while plaintiffs had stated a plausible claim for breach of fiduciary duty, they had failed to state a claim for fraud with sufficient particularity. Defendant now moves the Court to compel arbitration of this case, based on the recent discovery of financial services agreements between the plaintiffs and UBS's predecessor, PaineWebber.

## II. Discussion

There is a "strong federal policy in favor of enforcing arbitration agreements." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 217 (1985). The Federal Arbitration Act states that:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration. . . the court. . . shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement. . . .

9 U.S.C. § 3. The FAA requires district courts to "compel arbitration of otherwise arbitrable claims, when a motion to compel arbitration is made." Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co., 767 F.2d 1140, 1147 (5th Cir. 1985). Agreements to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

Plaintiffs do not dispute the existence of an arbitration

2

clause in the financial services agreements that they signed with PaineWebber, UBS' predecessor company. They also do not dispute that the broad language of the arbitration provision covers their claims.[1] Plaintiffs' convoluted arguments questioning whether UBS is a proper successor in interest to PaineWebber are unavailing. The affidavit and exhibits submitted by UBS demonstrate that UBS acquired PaineWebber, and that after a series of name changes, UBS Financial Services is the correct surviving entity. (Indeed, this is surely why plaintiffs sued UBS Financial Services in the first place). The Court finds the arbitration provision valid and enforceable, and further finds that it covers this dispute.

Plaintiffs' argument that UBS has waived its right to seek arbitration of this case is also unavailing. UBS demonstrates that it sought voluntary arbitration of this case just after it was filed. Given that the financial services agreements between the parties were signed in the early 1990s, it is plausible that the documents were not discovered until later in this litigation. The circumstances of this case do not bear out plaintiffs' suggestion that UBS is trying to "game the system" by moving for arbitration at this point. UBS's attempts to defend itself by

---

[1] The arbitration provision requires the plaintiffs to arbitrate "any and all controversies which may arise between [plaintiffs] and PaineWebber concerning any account, transaction, dispute or the construction, performance or breach of this or any other agreement. . . ."

3

filing motions to dismiss before it could properly move for arbitration do not compel the conclusion that it waived its right to arbitrate.  And plaintiffs offer nothing more.

Accordingly, IT IS ORDERED: the defendant's motion is GRANTED, and the Court orders this case administratively closed pending completion of arbitration proceedings.

New Orleans, Louisiana, November 22, 2011.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE